Hat, Judge,
delivered the opinion of the court:
The plaintiff was appointed an inspector of customs of the port of New York on August 10, 1900. He was a per diem employee, and his rate of compensation on May 4, 1921, was $5.50 per diem. On April 27, 1921, the collector of customs at New York recommended that the plaintiff be suspended from duty and pay for a period of 30 days. This recommendation was made to the Secretary of the Treasury, and the reason given for the suspension was that the plaintiff had received a gratuity amounting to $10 from a passenger on March 7, 1920. The plaintiff denied the charge, but after his denial statements were made by three different passengers that they had given the plaintiff a gratuity. Instead of prosecuting the plaintiff under the provisions of the act of October 3, 1913, 38 Stat. 192, the collector suspended the plaintiff from duty and pay as aforesaid, which suspension was approved by the Secretary of the Treasury by letter dated April 30, 1921. The plaintiff’s suspension from duty and pay commenced on May 4, 1921, and ended 30 days thereafter, during which period the plaintiff performed no duty, and rendered no service to the Government. Thereafter the collector of customs of New York recommended the revocation of the suspension from duty and pay for the period of 30 days, and the Secretary of the Treasury on September 9, 1922, acknowledged the receipt of the letter making such recommendation, and stated in his letter “you are hereby authorized to submit a voucher in favor of Mr. Rothschild covering the period of his suspension, which will be approved and forwarded to the General Accounting Office for direct settlement.”
The voucher was approved for payment in the sum of $180.21, but was denied payment by the Comptroller General. The plaintiff is now suing here to recover the said sum of $180.21.
*301 It is a fact that during the 30 days for which period the plaintiff was suspended from pay he performed no service for the Government. He was, moreover, a per diem employee, and had no contractual relation with the Government beyond his employment from day to day. He was suspended for cause, and it was within the power of the Secretary of the Treasury to suspend him from duty and pay. Having exercised his authority to suspend, the period of suspension having expired, it is not within the power of the Secretary of the Treasury more than a year after the period of suspension had expired to revoke the suspension for the purpose of paying the plaintiff the money he lost by reason of said suspension. The plaintiff during the period of his suspension, which was a penalty legally imposed upon him, performed no service for the Government, and we fail to see why he should now be paid for a period of time when he was not doing any work for the Government.
Whatever effect the revocation of the Secretary may have had upon the personal and official record of plaintiff it can not operate to restore him to the pay roll for the period while he was suspended.
The petition of the plaintiff must be dismissed. It is so ordered.
Graham, Judge: Booth, Judge; and Campbell, Chief Justice, concur.